Troy B. Froderman (012717)
Scott C. Ryan (026791)
Pierce Libbey (037900)
FR LAW GROUP PLLC
4745 N. 7th Street, Suite 310
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
sryan@frlawgroup.com
plibbey@frlawgroup.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arrow Indian Contractors, Inc., | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552  ET SEQ.** |
| United States Federal Highway Administration, Central Federal Lands Division, | |
| Defendant. | |

## I. INTRODUCTION

1.      This action is brought by Plaintiff, Arrow Indian Contractors, Inc.  ("Arrow") against Defendant, Federal Highway Administration, Central Federal Lands Division ("FHWA") under the Freedom of Information Act, 5 U.S.C. § 552.   Plaintiff seeks declaratory, injunctive, and other appropriate relief, as well as the immediate disclosure and release of FHWA records that are responsive to two Freedom of Information Requests made by Plaintiff, Arrow Indian Contractors, Inc. that have been improperly and unlawfully withheld by Defendant in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*.

## II. JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties to this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1331.

3.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1391(e).

## III. PARTIES

4.      Plaintiff Arrow is an Arizona corporation with its principal place of business at 449 S 48th St. Suite 101, Tempe, Arizona 85281.

5.      Arrow was organized in 1992, is an SBA certified 8(a) Program Participant, and is a Woman Owned Small Business.

6.      Arrow is a full-service general contracting firm.

7.      Arrow performs vertical and civil construction services as a prime contractor and works primarily as a contractor to the U.S. Government and for various Indian Tribes.

8.      Defendant FHWA is an agency under the United States Department of Transportation ("DOT") and has possession of and control over the records that Plaintiff seeks.

## IV. FACTUAL ALLEGATIONS

9.      Arrow entered into a contract with the FHWA on July 30, 2021, for the construction and paving of approximately 1 mile of road leading to Imperial National Wildlife Refuge within Yuma County, Arizona (the "Project").

10.     Pursuant to Federal Acquisition Regulations, DOT, and Transportation Acquisition Manual (TAM) (Posted date: 08-April-2019), agencies are required to maintain all contracting records.

11.     Pursuant thereto, Defendant received, created and/or maintained certain Project records as defined by the DOT, TAM, and applicable state and federal law.

12.     On December 9, 2022, Plaintiff, through its owner and president, Sheila Curleyhair, submitted a FOIA request via email to FHWA, for various documents under the

Project maintained by the FHWA, hereinafter referred to as "FOIA #1". (*See* **Exhibit 1** attached hereto).

13.    The FOIA #1 request was acknowledged by Defendant on December 22, 2022, and was assigned a FOIA Control Number of 2023-0044. (*See* **Exhibit 2** attached hereto).

14.    On December 15, 2022, Plaintiff, again through Ms. Curleyhair, submitted an additional FOIA request via email to FHWA, for various documents under the Project maintained by the FHWA, hereinafter referred to as "FOIA #2." (*See* **Exhibit 3** attached hereto).

15.    The FOIA #2 request was acknowledged by Defendant almost a month later on January 12, 2023, and was assigned a FOIA Control Number of 2023-0048. (*See* **Exhibit 4** attached hereto).

16.    The following day, on January 13, 2023, Plaintiff received an email from Shannon Schreiner, a Management and Program Analyst with the FHWA, which included a letter advising the Plaintiff that the FHWA was invoking its right to an extension due to "unusual circumstances" stating it will "therefore need a 15-business day extension" to respond to the FOIA request for documents (*See* **Exhibit 5** attached hereto).

17.    On February 14, 2023, Plaintiff spoke with Ms. Schreiner about the request and the extension, whereby Ms. Schreiner explained that the request had been forwarded to her superiors.

18.    By February 28, 2023, the day the records were to be produced based on the extension letter issued by the FHWA, no records were provided, nor was an additional extension letter issued.

19.    Between March 1, 2023, and April 21, 2023, Plaintiff called or emailed the Defendant no less than seven (7) times requesting an update on the status of the FOIA requests.

20.    Finally on April 21, 2023, Defendant responded via a phone call to the Plaintiff stating that FHWA would follow up with a status report via email regarding the responses to both the FOIA #1 and FOIA #2 requests.

21.    Between April 24, 2023, and May 1, 2023, Plaintiff again made multiple attempts via emails and phone calls to the Defendant requesting a status update.

22.    Finally, on May 2, 2023, Plaintiff received a partial response to the FOIA #1 request with no additional explanation as to the remaining records. Confoundingly, the response was dated April 21, 2023, and it appears Defendant simply neglected to email its response for 11 days after drafting it. (*See* **Exhibit 6** attached hereto).

23.    On May 15, 2023, Plaintiff spoke with Defendant in reference to the status of the FOIA #2 response.  Defendant explained that a large portion of the documents were approved for full release, but that a smaller portion of the documents required further review and approval and would be available in 2 to 4 weeks.

24.    Plaintiff requested that the documents that had been approved for full release be provided immediately while the remaining documents were under review.

25.    Thirty days later, on June 15, 2023, Plaintiff had not received any of the documents responsive to the FOIA #2 request from the Defendant despite its representation that a large portion of the records had been approved for release and that all documents would be released by June 15, 2023.

26.    On June 19, 2023, Arrow sent an email to FHWA requesting a response to the FOIA #2 request.  In the email, Arrow even agreed to accept a partial response, in anticipation of a full response. (*See* **Exhibit 7** attached hereto). An excerpt of the email from Arrow to Mr. Goodacre, a representative of FHWA, states as follows:

> *Good morning. I have attempted to reach you for the past few weeks to follow up on our last discussion regarding Arrow Indian Contractors, Inc's FOIA Control Number 2023-0048 that was submitted on December 15, 2022. FHWA acknowledged the FOIA request on January 12, 2023 and on January 13, 2023 FHWA sent a letter stating that our request met the criteria for "unusual circumstances" and that FHWA would need an additional 15 day extension in order to process the request. In our last few discussions by phone, you indicated that this request was close to being completed and even offered to release some of the documents that were already approved for full release. I sent an email, per your request, on May 15, 2023 stating that we would be willing to accept a partial*

4

*release for the majority of the documents with the understanding that a small portion of the remaining documents would be ready within 2 to 4 weeks. It has been 6 months since our request was submitted, we have not received any of the documents, and I haven't received an update from you in several weeks despite leaving voicemails to which you haven't responded….*

27.    To date, Plaintiff has only received a partial response to its FOIA #1 request and has not received *any* documents or letters either responsive or denying its request to FOIA #2.

28.    Defendant's refusal to respond to the FOIA #2 request constitutes an arbitrary and capricious withholding of records under FOIA.

29.    Defendant has wrongfully delayed and withheld the requested records from Plaintiff.

30.    Plaintiff is entitled to a full release of the documents based on Defendant's willful disregard of its obligations under FOIA.

## V. CLAIMS

### Count I

### (Violation of FOIA for failure to comply with Statutory Requirements)

31.    Plaintiff adopts and re-alleges its allegations in paragraphs 1 – 30 above as if fully set forth herein.

32.    Pursuant to FOIA, Defendant was obligated to respond to Plaintiff's FOIA requests within twenty (20) working days.

33.    FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

34.    FOIA further requires an agency to respond to a valid request within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id*. § 552(a)(6)(A)–(B). If an agency requires additional time, the FOIA mandates that the agency

provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

35.     Both of Plaintiff's requests for records provides the following: (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

36.     Plaintiff received a partial response to FOIA #1 after 134 days, far outside the 30-business day response period.

37.     Defendant's correspondence to FOIA #2 was not a true attempt to comply with FHWA's FOIA obligations to provide the agency an "alternative time frame for processing the request" as demonstrated by FHWA's failure to respond to several emails and phone calls during the months of March and April and FHWA's failure to make any meaningful attempt to set a hard deadline or rolling production.

38.     Further, at no point in time did Defendant request an additional extension or provide any legal justification for the extended delay.

39.     Furthermore, Defendant has never provided any documents or a determination regarding the production of the records sought in the FOIA #2 request.

40.     As of October 5, 2023, the Defendant has exceeded its allowable extension by 219 days.

41.     Plaintiff has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

42.     Plaintiff is entitled to damages and injunctive relief for Defendant's blatant disregard for its obligations under FOIA.

## COUNT II

### (Unlawful withholding of Agency Records)

43.     Plaintiff adopts and re-alleges its allegations in paragraphs 1 – 42 above as if fully set forth herein.

44.     FHWA was required to provide records in response to a viable request that reasonably limited and detailed the scope of information sought.

45. To date, and as detailed more fully above, FHWA has wholly failed to respond to the FOIA #2 request with even a single document.

46. FHWA has provided no legal or factual justification for its failure to respond to the FOIA #2 request or provide justification of the denial of any document production.

47. FHWA's actions in failing to respond to the FOIA #2 request constitutes an unlawful withholding of records in violation of 5 U.S.C. § 552(a)(3)(A).

48. Plaintiff has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

49. Plaintiff is entitled to injunctive relief compelling prompt disclosure of the requested records.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff, Arrow Indian Contractors, Inc. prays that this Honorable Court grant it the following relief:

1) Declare and adjudge that Defendant's actions of withholding the requested documents violate FOIA, 5 U.S.C. § 552, *et seq.*;

2) Enjoin Defendant from withholding agency records and order the production of any agency records improperly withheld;

3) Direct Defendant to immediately comply with Plaintiff's records request and provide all of the responsive records in their entirety;

4) Retain jurisdiction over Plaintiff's Freedom of Information Act claims until Defendant has complied in full;

5) Order Defendant pay Plaintiff's reasonable attorney's fees and costs incurred in this matter pursuant to 5 U.S.C. § 552(a)(4)(E)(i);

6) Order that no fees be charged for any search or review of Defendant's records under FOIA. In the alternative, order that all fees be waived for any search or review of the Defendant's records under FOIA;

/ / /
/ / /

7)    Grant Plaintiff such other and further relief as this Court deems just and proper.

DATED this 5th day of October 2023.

FR LAW GROUP PLLC

By:_____
Troy B. Froderman, Esq.
Scott C. Ryan, Esq.
Pierce Libbey, Esq.