GARY M. RESTAINO
United States Attorney
District of Arizona

LISA M. HEMANN
Assistant United States Attorney
Arizona State Bar No. 024703
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, AZ  85004-4449
Telephone:  (602) 514-7500
Fax:  (602) 514-7693
Lisa.Hemann@usdoj.gov

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arrow Indian Contractors, Inc., | No. CV-23-02085-PHX-MTL |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| United States Federal Highway Administration, Central Federal Lands Division, | |
| Defendant. | |

Defendant hereby replies and requests that the Court grant it summary judgment because it has demonstrated through a reasonably detailed, nonconclusory affidavit that it conducted a search that was reasonably calculated to uncover all relevant documents, and that it has uncovered and released documents responsive to Plaintiff's FOIA requests. Defendant also continues in good faith to conduct its search for additional responsive materials for the items still in issue.

This Reply includes and incorporates the Supplemental Declaration of Judy Salomonson, which provides an update regarding the ongoing search for responsive materials. Defendant's Reply also incorporates Defendant's Motion for Summary Judgment, Statement of Facts, the exhibits thereto ("DSOF"), and all matters of record.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In its Response, AIC concedes that the items requested in its first FOIA request ("FOIA #1") are not at issue in this case, and that the dispute in this case concerns Items 7, 8, 9, and 10 from its second FOIA request ("FOIA #2"). Doc. 33 at 5. AIC's Response offers essentially two primary arguments for why Defendant is not entitled to summary judgment. First, AIC asserts that summary judgment should not be granted where, as here, the governmental agency has located additional documents that it intends to release to the requestor, as this shows that the search was inadequate. *See* Doc. 33 at 5. But this results-driven reasoning is based on faulty logic and, more importantly, inconsistent with the applicable standard under FOIA. Here, Defendant's search was reasonably calculated to uncover the responsive documents. That Defendant's search might have been imperfect does not mean that it was inadequate under FOIA, and Defendant's ongoing efforts to release additional documents actually demonstrates its good faith.

Second, Plaintiff argues that Judy Salomonson's declaration (Exhibit A to the DSOF) is not entitled to a presumption of good faith because it is not detailed enough. Yet, Salomonson's declaration provides a detailed explanation of the process through which FOIA requests are managed by the agency, and further describes how the FOIA requests at issue in this case were processed, along with some of the issues that the CFL FOIA team faced that complicated the FOIA responses. Salomonson's declaration might not be everything AIC desires, but it is reasonably detailed and non-conclusory. Therefore, AIC's criticisms fail to rebut the presumption of good faith to which Salomonson's declaration is entitled.

Finally, the remainder of AIC's arguments, more or less, quibble with whether the CFL FOIA team "should have known better" about who Russell Roberts worked for and, on that basis, provided better FOIA results to AIC. But this argument is a red herring: the identity of Roberts' employer is not at issue here. Rather, this detail was relevant to the circumstances understood by the CFL FOIA team as they searched for responsive records.

The ultimate question here is whether, under the circumstances of this case, Defendant conducted a reasonably adequate search for responsive records.

None of AIC's arguments overcome summary judgment. However, even if Defendant, through the CFL FOIA team, could have conducted a better search, the alleged inadequacy was only with respect to four items in FOIA #2. Therefore, at a minimum, Defendant is entitled to summary judgment with respect to the entirety of FOIA #1, and Items 1-6, 11, and 12 of FOIA #2, as there is no dispute over those matters.

## I.   FHWA's Search Has Been Reasonably Calculated to Uncover Responsive Material and Conducted in Good Faith.

AIC's primary argument is that because Defendant is, by its own admission, still working to provide additional documents to AIC, Defendant has not yet "fully responded" to discharge its duties under FOIA and is not, therefore, entitled to summary judgment. Doc. 33 at 5-7. *See also* Supplemental Declaration of Judy Salomonson, attached as Ex. I, concerning the current status of Defendant's ongoing search. To make this argument, AIC relies on statements in caselaw that the adequacy of the search must be demonstrated "beyond material doubt." Doc. 33 at 4-5. This argument misapprehends the standard. Defendant is not required to demonstrate that it "fully responded" to the FOIA request "beyond a material doubt," which would seemingly require the Court to decide whether the results of the search completely responded to the request. This post-hoc reasoning is based on faulty logic and misconstrues the standard in FOIA cases, which is whether the search was "reasonably calculated to uncover all relevant documents. *Zemansky v. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985); *see also SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (an agency need not demonstrate that it has, beyond a material doubt, "actually uncovered every document" that is potentially within the ambit of the request, but rather "whether the search was reasonably calculated to discover the requested documents"); *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (the adequacy of an agency's search is not determined by the results of the search, but rather by "the appropriateness of the methods used to carry out the search"); *Nat'l Inst. Of*

*Mil. Just. v. U.S. Dep't of Def.*, 404 F. Supp. 2d 325, 333 (D.D.C. 2005) ("FOIA requires an agency defendant to show 'beyond material doubt' that it has conducted a search reasonably calculated to uncover all relevant documents […and] '[t]he adequacy of [the] search is measured by a 'standard of reasonableness' and is 'dependent on the circumstances of the case'") (internal citations omitted), *aff'd*, 512 F.3d 677 (D.C. Cir. 2008). Thus, it is in conjunction with this standard that "beyond a material doubt" applies, not to the results of the search.

In fact, consistent with this standard, courts have regularly held that an agency's belated discovery of documents does not equate with a finding that the search itself was in bad faith or inadequate. *American Oversight v. U.S. Dep't of Justice*, 401 F. Supp. 3d 16, 26 (D.D.C. 2019) (finding that "the fact that an agency discovers an error in its earlier representations, and thereafter changes course, does not alone displace the good-faith presumption courts accord its declarations"); *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) ("That some documents were not discovered until a second, more exhaustive, search was conducted does not warrant overturning the district court's ruling"); *Corbeil v. U.S. Dep't of Just.*, No. CIV.A. 04-2265 RWR, 2005 WL 3275910, at *3 (D.D.C. Sept. 26, 2005) ("an agency's prompt report of the discovery of additional responsive materials may be viewed as evidence of its good faith efforts to comply with its obligations under FOIA").

In this case, AIC filed suit prior to Defendant issuing its response to FOIA #2—a fact that AIC has repeatedly insinuated (without evidence) demonstrates Defendant's bad faith. DSOF ¶¶ 46, 47; Doc. 33 at 2. After litigation commenced, Defendant inquired to learn what AIC believed was missing from its response to FOIA #2. DSOF ¶¶ 48, 49. Based on the clarifications received from Plaintiff, Defendant repeatedly attempted to resolve these issues and, through this process, has released additional responsive documents. DSOF ¶¶ 50-56. But Defendant's ongoing efforts do not somehow demonstrate that Defendant's initial search was inadequate, nor does it demonstrate bad faith. *See, e.g., Nat'l Inst. of Mil. Just.*, 404 F. Supp. 2d at 333-34 (finding that even if "the

agency was not initially diligent, that alone does not demonstrate bad faith, especially in light of the subsequent efforts to search for responsive records once the parties engaged in discussions about the specific type of documents the plaintiff was seeking").

In fact, if anything, Defendant's ongoing efforts to uncover additional responsive materials demonstrate Defendant's good faith. *See W. Ctr. for Journalism v. I.R.S.*, 116 F. Supp. 2d 1, 10 (D.D.C. 2000) (granting summary judgment to agency after concluding it had conducted a reasonable search and acted in good faith by releasing additional responsive records that were mistakenly omitted from its initial response), *aff'd*, 22 F. App'x 14 (D.C. Cir. 2001). Courts have repeatedly recognized an agency as acting in good faith when they have, after an initial FOIA response, subsequently identified and released additional responsive documents. *See Maynard v. CIA*, 986 F.2d 547, 565 (1st Cir. 1993) ("Rather than bad faith, we think that the forthright disclosure … that it had located the misplaced file suggests good faith on the part of the agency"); *Lechliter v. Dep't of Def.*, 371 F. Supp. 2d 589, 597 (D. Del. 2005) (finding that the agency acted in good faith by locating additional documents after error associated with its initial search was corrected), *aff'd sub nom. Lechliter v. Rumsfeld*, 182 F. App'x 113 (3d Cir. 2006); *Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 59, 63 (D.D.C. 2003) (discussing that the "continuing discovery and release of documents does not prove that the original search was inadequate, but rather shows good faith on the part of the agency that it continues to search for responsive documents"); *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1257 (11th Cir. 2008) (finding that the district court had not erred in refusing to draw adverse inference against agency for late disclosure of documents in question). Here, similar to the cases above, after Defendant's initial searches had been completed and after litigation commenced, Defendant subsequently identified potential new sources for responsive documents. When this happened, Defendant promptly disclosed this information to AIC. Despite AIC's argument to the contrary, these developments demonstrate Defendant's good faith efforts to comply with its FOIA obligations.

/ / /

**II.     Salomonson's Reasonably Detailed Declaration Is Entitled to Good Faith Presumption**

Plaintiff argues that Judy Salmonson's declaration is not reasonably detailed and that the Court should not assume it to have been made in good faith.  Doc. 33 at 7-8.  Plaintiff's argument is overly-rigid in its expectation.  Salomonson's declaration is "relatively detailed and nonconclusory."  *See Grand Cent. P'ship, Inc.*, 166 F.3d at 488 (stating that "agency affidavits must be 'relatively detailed and nonconclusory…and submitted in good faith'") (internal citations omitted).  Here, Salomonson sets forth the agency's process by which it handles FOIA requests, as well as the process that took place specifically with respect to Plaintiff's two FOIA requests.  *See generally*, Salomonson Decl., attached as Ex. A to DSOF.  She explains that it was determined that CFL was the appropriate office for purposes of responding to the requests, assembled a team that would be responsible for conducting the search, and that then those individuals searched through agency records to find responsive materials.  DSOF ¶¶ 20, 23, 24.  She describes how the CFL FOIA team searched through e-mail and in the shared drive in a folder called "AZFLAP 202(2) Red Cloud Mine Rd." DSOF ¶¶ 25, 27.  They searched for records specifically concerning "Solicitation FHWA No. 6982AF21B000007," including the "Final Acquisition Plan," the "Written Engineer's Estimate," and evaluations regarding the estimate. DSOF ¶ 27.  The CFL FOIA team also searched for files relating to FHWA Contract No. 6982AF21C000030.  *Id.*  These are details of the search, not conclusions about it.

Further, Salomonson's declaration summarizes some of the issues that the CFL FOIA team ran into specifically with respect to the items at issue in this case:  Items 7, 8, 9, and 10 of FOIA #2.  DSOF ¶¶ 30, 31, 32.  Specifically, there was confusion about two companies (who are not parties to this lawsuit):  Q.C. Testing, Inc. ("Q.C. Testing") and Bravo Co. VI ("Bravo").  *Id.*  Both companies seemed to perform work for AIC, but AIC only sought communications between Defendant and Q.C. Testing (and not between Defendant and Bravo) that were either about AIC or about Prime Contract

6982AF21C000030, and other correspondence and materials created by Q.C. Testing and provided to Defendant. *See* FOIA #2, attached as Ex. D to DSOF, at ¶¶ 7-10. Defendant determined that the quality control manager was not an employee of Q.C. Testing, but rather an employee of Bravo, and thus deemed those communications to be nonresponsive. DSOF ¶¶ 30-32. Again, these are not conclusory statements, but rather are details about the thought given to the request and the process undertaken by Defendant as it endeavored to respond to FOIA #2. Thus, Salomonson's declaration demonstrates not only that Defendant diligently attempted to respond to AIC's FOIA requests, but it also establishes that Defendant has acted and continues to act in good faith to uncover and release materials responsive to the remaining items at issue from FOIA #2.

Finally, embedded within AIC's argument that Salomonson's declaration is not reasonably detailed is an argument concerning whether former employee Barbara Quintana should have been allowed to search her own phone for potentially responsive materials. As an initial matter, questions about Quintana's cell phone are not dispositive of whether Salomonson's declaration is reasonably detailed, non-conclusory, or in good faith. Until AIC's counsel informed Defendant regarding the fact that responsive materials might be located on a former employee's personal cell phone, there was no indication that such records could be missing from the results of the search. By the time Defendant learned this was an issue for AIC, Defendant no longer had control over the materials. Despite this fact, Defendant still engaged in good faith efforts to uncover any potentially missing materials, if any, and has in fact released additional materials. *See* Doc. 31 at 15-16.

**III.    AIC's Argument Concerning Russell Roberts is Irrelevant.**

AIC's final argument is, more or less, that the CFL FOIA team should have known that it was seeking records concerning Russell Roberts because it should have been obvious that he was an employee of Q.C. Testing, and not Bravo. While Defendant maintains that Roberts was an employee of Bravo, whether Roberts worked for Q.C. Testing or Bravo, is not the dispositive issue here. Roberts apparently had an association with one or both companies. The fact remains that it was reasonable for a member of the CFL FOIA team

to deem his communications nonresponsive to FOIA #2. FOIA #2 did not seek materials concerning Roberts specifically, but rather concerning Q.C. Testing, and the information available indicated that Roberts did not work for Q.C. Testing.

## IV.    CONCLUSION

Defendant conducted a reasonably adequate search designed to uncover the materials responsive to AIC's two FOIA requests. Of the two requests, there are no disputes regarding FOIA #1, and the only remaining issues relate to four items within FOIA #2. Judy Salomonson's declaration provides reasonably adequate details regarding Defendant's search efforts, and it is afforded a presumption of good faith that AIC has failed to overcome. For all of these reasons, Defendant requests that the Court award summary judgment in its favor. Finally, even should the Court choose not to award summary judgment in full, Defendant is minimally entitled to summary judgment with respect to the entirety of FOIA #1, and Items 1-6, 11, 12 of FOIA #2, as there is no dispute over those matters.

Respectfully submitted this 9th day of September, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/Lisa M. Hemann
LISA M. HEMANN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Pierce Libbey**
FR Law Group PLLC
4745 N 7th St., Ste. 210
Phoenix, AZ 85014
602-975-8657
plibbey@frlawgroup.com

**Scott Corey Ryan**
FR Law Group PLLC
4745 N 7th St., Ste. 210
Phoenix, AZ 85014
602-601-7913
sryan@frlawgroup.com

**Troy Blinn Froderman**
FR Law Group PLLC
4745 N 7th St., Ste. 210
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
LEAD ATTORNEYS
ATTORNEYS TO BE NOTICED
*Attorneys for Plaintiff*


*s/ Lisa Hemann*
United States Attorney's Office